**GREATER DELAWARE VALLEY FEDERAL SAVINGS & LOAN ASSOCIATION**

v.

**FEDERAL HOME LOAN BANK BOARD.**

**Civ. A. No. 24716.**

United States District Court
E. D. Pennsylvania.
June 17, 1958.

Fred L. Rosenbloom, Edward W. Mullinix, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Guy G. deFuria, deFuria, Larkin & deFuria, Chester, Pa., for plaintiff.

Mose Silverman, Ray E. Dougherty, Washington, D. C., Harold K. Wood, U. S. Atty., Henry J. Morgan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

EGAN, District Judge.

Plaintiff, a federal savings and loan association organized under the Home

Owners' Loan Act of 1933, 12 U.S.C.A. § 1461 et seq., has brought an action to enjoin the appointment of a Supervisory Representative in Charge to take over the plaintiff and its affairs.

The complaint alleges that the defendant Board has informally advised the plaintiff Association that it disapproves of certain aspects of plaintiff's operations. As of this date, the Board has failed to act other than by issuing an informal ultimatum which would require the plaintiff to (a) cause the immediate resignation of its entire board of directors, (b) consent to the appointment by the defendant Board of a conservator, or (c) merge with another federal savings and loan association on terms and conditions dictated by defendant, and that if plaintiff does not do one of the above three things, the defendant Board will seize control of the plaintiff Association by the appointment of a Supervisory Representative in Charge.

The pertinent section of the Act follows:

"(2) The grounds for the appointment of a conservator or receiver for a Federal savings and loan association shall be one or more of the following: (i) insolvency in that the assets of such association are less than its obligations to its creditors and others, including its members; (ii) violation of law or of a regulation; (iii) the concealment of its books, records, or assets or the refusal to submit its books, papers, records, or affairs for inspection to any examiner or lawful agent appointed by the Federal Home Loan Bank Board; and (iv) unsafe or unsound operation. The Board shall have exclusive jurisdiction to appoint a Supervisory Representative in Charge, conservator, or receiver. If, in the opinion of the Board, a ground for the appointment of a conservator or receiver as herein provided exists and the Board determines that an emergency exists requiring immediate action, the Board is authorized to appoint ex parte and without notice a Supervisory Representative in Charge to take charge of said association and its affairs who shall have and exercise all the powers herein provided for conservators and receivers. Unless sooner removed by the Board, such Supervisory Representative in Charge shall hold office until a conservator or receiver, appointed by the Board after notice as herein provided, takes charge of the association and its affairs, or for six months, or until thirty days after the termination of the administrative hearing and final proceedings herein provided, or until sixty days after the final termination of any litigation affecting such temporary appointment, whichever is longest. The Board shall have the power to appoint a conservator or receiver but no such appointment of a conservator or receiver shall be made except pursuant to a formal resolution of the Board stating the grounds therefor and except notice thereof is given to said association stating the grounds therefor and until an opportunity for an administrative hearing thereon is afforded to said association. Such hearing shall be held in accordance with the provisions of the Administrative Procedure Act and shall be subject to review as therein provided and the review by the court shall be upon the weight of the evidence. A conservator shall have all the powers of the members, the directors, and officers of the Federal association and shall be authorized to operate it in its own name or conserve its assets in the manner and to the extent authorized by the Board. The Board shall appoint only the Federal Savings and Loan Insurance Corporation as receiver for any Federal savings and loan association, which shall have power as receiver to buy at its own sale subject to approval by the Board. With the consent of the as-

sociation expressed by a resolution of the board of directors or of its members, the Board is authorized to appoint a conservator or receiver for a Federal association without notice and without hearing. The Board shall have power to make rules and regulations for the reorganization, merger, and liquidation of Federal associations and for such associations in conservatorship and receivership and for the conduct of conservatorships and receiverships. Whenever a Supervisory Representative in Charge, conservator, or receiver, appointed by the Board pursuant to the provisions of this section, demands possession of the property, business and assets of any association, the refusal of any officer, agent, employee, or director of such association to comply with the demand shall be punishable by a fine of not more than $1,000 or by imprisonment for not more than one year or both by such fine and imprisonment." 12 U.S.C.A. § 1464(d) (2).

In opposition to the plaintiff's request for equitable relief, the defendant moves to dismiss the complaint on the grounds that the Court is without jurisdiction over the subject matter and that the complaint fails to set forth a claim upon which relief may be granted. Under the circumstances of this case, the motion is denied.

■■ Although the Court recognizes that it may not substitute its own determination for that of the Board's upon whether or not a ground for the appointment of a receiver or conservator exists and whether or not an emergency exists, clearly, this is not the only question posed by the motion. As we read the Act, we fail to see wherein the Board has the power to dictate merger or resignation terms in the absence of a receivership or conservatorship, and the latter only after a full and formal hearing at which the defendant has a right to be heard. It is therefore to this abuse of power that we direct our maintenance of jurisdiction. To compel the plaintiff Association to merge with another, or to compel the resignation of its entire board of directors under threat of the initiation of administrative proceedings would in effect deprive plaintiff of its right to be heard on these questions.

It is our conclusion that equitable relief is proper under the allegations that the Board has assumed powers which have not been granted to it by the Act. Nothing herein should be construed as an usurpation of the inherent power of the Board to make findings and act in accordance with the powers given to it by Congress. By maintaining jurisdiction, we merely wish to indicate that the defendant Board does not have the right or power to compel plaintiff to observe a course of conduct under *threat* of the institution of administrative proceedings, absent compliance with the formal procedures required by the Act.

It might be stated in addition that the plaintiff Association under this threat of irreparable injury consequent upon the Board's unlawful action is without an adequate administrative remedy. Although Congress has provided for emergency powers on an ex parte basis where the administrative process has been set in motion, we feel that where there is a patent abuse of the Board's authority, i. e. threatened action which would bypass the terms of the Act, equitable relief is altogether proper. See Utah Fuel Co. v. National Bituminous Coal Commission, 1939, 306 U.S. 56, 59 S.Ct. 409, 83 L.Ed. 483. Generally, Davis, Administrative Law, §§ 188, 189 (1951).

We have carefully examined the case of Beacon Federal Savings & Loan Ass'n v. Federal Home Loan Bank Board, D.C.E.D.Wis.1958, 162 F.Supp. 350, and find that case not applicable to this situation. In Beacon, the formal administrative procedures had already been initiated before the plaintiff association

sought to restrain the Board. Here, no formal administrative process has been started.

For these reasons, the motion to dismiss is denied.